# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| MICHAEL E. HAUG, SR., JOHN C. PALICA, JR., and MARY E. CATES-PALICA, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09 C 5084 |
| TOWNSHIP OF NEW LENOX; BOARD OF TRUSTEES OF TOWNSHIP OF NEW LENOX; WILLIAM McCOLLUM, Supervisor; MICHAEL HICKEY, Trustee; WILLIAM WALKER, JR., Trustee; MARTIN BOBAN, Trustee; BARBARA KAUPAS, Trustee; and DENNIS McPARTLIN, Highway Commissioner, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the court is defendants' motion to dismiss Counts IV-X and to strike certain portions of the complaint. For the following reasons, the motion is denied in large part.

## BACKGROUND

Plaintiffs Michael E. Haug, Sr., John C. Palica, Jr., and Mary E. Cates-Palica bring this takings action against eight defendants: the Township of New Lenox (the "Township"); the Board of Trustees of the Township of New Lenox (the "Board"); William McCollum, the Township Supervisor; Dennis McPartlin, the Township Road Commissioner; and Township Trustees Michael Hickey, Martin Boban,

Barbara Kaupas, and William Walker, Jr. Plaintiffs allege that defendants acquired portions of plaintiffs' real properties adjoining Regan and Parker Roads in Mokena, Illinois, and destroyed trees and landscaping on portions of the properties that were not acquired, without providing fair remuneration. Plaintiffs also allege that defendants acted "without observing the usual and customary notices and process for a public taking, and indeed without any legal notices or process." (Compl. at 3-4.) This action was originally filed in the Circuit Court of Will County; defendants removed it to this court.

The complaint contains ten counts. Count I alleges a violation of the Illinois Constitution's takings clause.[1] Count II is a § 1983 claim for violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Count III is an inverse condemnation claim. In Count IV, plaintiffs seek certain declaratory relief. Plaintiffs also bring claims for negligent trespass (Count V), intentional trespass (Count VI), negligent nuisance (Count VII), intentional nuisance (Count VIII), and unjust enrichment/quantum meruit (Count IX). In Count X, plaintiffs seek certain injunctive relief. Plaintiffs' claims are asserted against all defendants, except for Counts III, IX, and X, which are asserted against the Township only.

---

[1] "Private property shall not be taken or damaged for public use without just compensation as provided by law. Such compensation shall be determined by a jury as provided by law." Ill. Const. art. 1, § 15.

Defendants have answered Counts I, II, and III of the complaint. They move to dismiss Counts IV—X for failure to state a claim and to strike the requests for punitive damages in Counts VI and VIII.

## **DISCUSSION**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). Under federal notice-pleading standards, a complaint need not contain "detailed factual allegations," but it must have more than mere "labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obligated to provide the factual grounds of his entitlement to relief, and a "formulaic recitation" of the elements of a claim will not do. Id. The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, id. at 555, and the claim must be "plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). When evaluating a motion to dismiss a complaint, we must accept as true all factual

allegations in the complaint, but not its legal conclusions. Id. at 1949-50.

## A. **Statute of Limitations**

Defendants' first argument is that plaintiffs' state-law claims are barred by the one-year statute of limitations set forth in the Illinois Local Governmental and Governmental Employees Tort Immunity Act (the "Tort Immunity Act"), 745 ILCS 10/8-101. Defendants argue that although "[p]laintiffs never specifically allege when the Defendants destroyed the trees, shrubbery and landscaping," (and never allege exactly when their properties were wrongfully acquired), plaintiffs' claims "accrued on or before November of 2007." (Defs.' Mem. in Supp. of Mot. to Dismiss at 4.) According to defendants, November 2007 is the operative date because that is when plaintiffs first began receiving appraisals for the value of their properties and for the trees and plants that were going to be removed and thus when plaintiffs "had notice of the alleged damages." (Id.) The appraisals, which are attached to the complaint, are dated in November and December 2007.

Defendants' analysis is extremely cursory, and they cite absolutely no case law in support of this argument. They treat the state-law claims as a group and fail to cite authority applying the Tort Immunity Act to each type of claim. They fail to discuss when each type of claim accrues, or, more importantly, why the date of the appraisals would be operative when it is not clear that

defendants had acquired the land by that point and when it is clear that the trees and landscaping were still standing and had not yet been removed. The appraisals do not indicate when plaintiffs actually suffered injury.

Plaintiffs do not allege exactly when their land was taken or when the trees and landscaping were destroyed, but they need not do so. The statute of limitations is an affirmative defense, and a complaint need not anticipate or overcome affirmative defenses. Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006). "As a result, a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." Id. Dismissal under Rule 12(b)(6) on the basis of a limitations defense "may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense," id., but these plaintiffs have not alleged such facts, and the appraisals do not establish the defense.

**B.    Intentional/Willful and Wanton Conduct**

Defendants also contend that plaintiffs' claims for intentional trespass and nuisance in Counts VI and VIII should be dismissed because plaintiffs "have failed to state sufficient facts to show that the Defendants' conduct was intentional or willful and wanton." (Defs.' Mem. at 6.) Pursuant to Iqbal, 129 S. Ct. at 1949, plaintiffs must plead factual content that allows us to draw

the reasonable inference that the alleged trespass and nuisance were intentional. Plaintiffs allege that after defendants proposed acquiring portions of their land, an agent of defendants "induced" plaintiffs "into not immediately objecting to the takings" of their property by representing "that they would be fairly remunerated for any diminution of their respective Premises through the actions of Defendants." (Compl. at 4.) From this allegation we can infer that defendants knew that the property in question belonged to plaintiffs. Plaintiffs also allege that they were not afforded any notice or process, Compl. at 5, and that after plaintiffs notified defendants of their objections to the trespass and nuisance, defendants "failed and refused to take any corrective action," Compl. at 15, 20. In the court's view, these allegations permit the inference that the alleged torts were intentional.

## C. Claims for Equitable Relief

Defendants' next argument is that plaintiffs' claims for declaratory relief, unjust enrichment/quantum meruit, and injunctive relief should be dismissed because plaintiffs have and are seeking adequate remedies at law. Plaintiffs correctly point out that Federal Rule of Civil Procedure 8(d) allows them to plead in the alternative, and we will construe Counts IV, IX, and X as having been pled in the alternative.

**D.** <u>**Immunity**</u>

The Tort Immunity Act states that "[e]xcept as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."  745 ILCS 10/2-201.  Defendants assert that their alleged conduct falls within this provision and that therefore they are immune from liability.

Immunity under the Tort Immunity Act does not attach unless an act or omission was both a determination of policy and an exercise of discretion.  <u>Torres v. City of Chicago</u>, 123 F. Supp. 2d 1130, 1133 (N.D. Ill. 2000) (citing <u>Harinek v. 161 N. Clark St. Ltd. P'ship</u>, 692 N.E.2d 1177, 1181 (Ill. 1998)).  Policy determinations are those that require the governmental employee to "balance competing interests and to make a judgment call as to what solutions will best serve each of those interests." <u>Harrison v. Hardin County Cmty. Unit Sch. Dist. No. 1</u>, 758 N.E.2d 848, 852 (Ill. 2001).  Discretionary acts are those that are "unique to a particular public office and involve the exercise of personal deliberation and judgment in deciding whether to perform a particular act, or how and in what manner that act should be performed."  <u>Wrobel v. City of Chicago</u>, 742 N.E.2d 401, 406 (Ill. App. Ct. 2000) (citation omitted).

Defendants' argument is largely undeveloped but in any event beyond the scope of a motion to dismiss. Whether defendants' conduct involved policymaking or discretion under the Tort Immunity Act is an issue of fact on which the defendants have the burden of proof; plaintiffs need not address it in their complaint. See S.G. v. Rockford Bd. of Educ., No. 08 C 50038, 2008 WL 5070334, at *8 (N.D. Ill. Nov. 24, 2008).

**E.   Requests for Punitive Damages**

Defendants maintain that plaintiffs' requests for punitive damages on their intentional trespass and nuisance claims (Counts VI and VIII) must be stricken because the Tort Immunity Act shields them from liability for such damages. Defendants rely on the following provision of the Tort Immunity Act:

> Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. In addition, no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party.

745 ILCS 10/2-102.[2]

---

[2]   "'Local public entity' includes a county, township, municipality, municipal corporation, school district, school board, educational service region, regional board of school trustees, trustees of schools of townships, treasurers of schools of townships, community college district, community college board, forest preserve district, park district, fire protection district, sanitary district, museum district, emergency telephone system board, and all other local governmental bodies."  745 ILCS 10/1-206.

Plaintiffs concede that the Township, a local public entity, would not be liable for punitive damages on Counts VI and VIII. They do not discuss the Board's status, but it is also a local public entity and thus immune from liability for punitive damages. Therefore, plaintiffs' requests for punitive damages will be stricken as to the Township and the Board.

Regarding the individual defendants, plaintiffs contend that they may be liable for punitive damages in their individual capacities and seek leave to re-plead Counts VI and VIII to name those defendants in their individual capacities as well as in their official capacities. District courts in this circuit are split over whether § 2-102 provides immunity from punitive damages when a public official is sued in his or her individual capacity. See Short v. Nolan, No. 09 C 1087, 2010 WL 272815, at *5-6 (C.D. Ill. Jan. 14, 2010) (citing cases and holding that § 2-102 provides immunity even for individual-capacity claims). We adopt the court's analysis in Short; the statutory grant of immunity is broad, and there is nothing in the text of § 2-102 limiting its application to official-capacity suits. Nonetheless, the issue is whether the complaint alleges facts sufficient for us to conclude that the individual defendants acted as "public officials" "while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity." Although it appears likely that their alleged conduct might fit within this grant of immunity, defendants

fail to explain what these terms mean under Illinois law and fail to develop any argument whatsoever that it can be concluded from the allegations of the complaint that defendants acted as public officials functioning in such a capacity. Accordingly, as to the individual defendants, we decline to strike plaintiffs' requests for punitive damages.

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss the complaint (and to strike certain matter) [12] is denied in large part. Plaintiffs' requests for punitive damages in Counts VI and VIII are stricken as to the Township and the Board. Defendants' motion is otherwise denied.

A status hearing is set for April 28, 2010 at 10:30 a.m. to discuss the possibility of setting a date for a settlement conference.

DATE: April 20, 2010

ENTER: _____
John F. Grady, United States District Judge